### HARCOURT *v.* INNIS.

*(Superior Court of New York City, General Term. January 6, 1890.)*

PARENT AND CHILD—SUPPORT OF CHILDREN—MEDICAL ATTENDANCE.

    Where husband and wife are divorced *a mensa et thoro*, and no provision is made for their children, except that custody of them is awarded to the mother, and suitable clothing and education are decreed to be paid for by the father, the wife is not responsible for medical attendance on the children, in a suit based on her express agreement to pay therefor, except on proof of such agreement.

Appeal from jury term.

Action by Joseph Harcourt against Eliza Innis for services rendered to her children. Judgment for defendant. Plaintiff appeals.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*L. B. Bonnell*, for appellant.    *T. B. Clarkson*, for respondent.

INGRAHAM, J The complaint in this action alleges that the plaintiff rendered services as a physician and surgeon for and at the request of the defendant, and that such services were reasonably worth the sum of $245.50. The answer denies these allegations, and alleges that the services, if any, mentioned and referred to in the complaint, were rendered to one Eugene Innis, the infant son of this defendant and her husband, Lawrence Innis, at the request of said Lawrence Innis. It appeared in evidence that, prior to the time the services sued for were rendered, an action had been brought by defendant against her husband for a separation, and a judgment had been entered whereby it was adjudged that the plaintiff and the defendant in that action be separated from bed and board; that the custody of the children be awarded to the defendant, and that the husband of the defendant pay to his wife the sum of $15 per week as a suitable allowance to the said Eliza Innis for her support; and that, in pursuance of such decree, the defendant lived separate and apart from her husband. No provision appears to have been made by the decree for the support of the children, but the decree provided that the defendant's husband should pay "for all necessary and suitable clothing, etc., for the above-named children of the plaintiff and defendant, and also for the proper education of said children at a school or schools to be selected by the said plaintiff, and that the said plaintiff shall in no event be required to pay out of the allowance hereinbefore granted to her the expenses incurred in providing suitable clothing, etc., and for the proper education of the children, or any part thereof." The obligation of the defendant to pay for the services rendered by plaintiff is, by the complaint, based upon her express agreement; and to entitle plaintiff to recover he must show that such an agreement existed.

The right to recover is not based upon the obligation of a parent to furnish necessaries for his infant children, and it is not necessary, therefore, to determine what, if any, obligation rested upon the defendant to supply her children with necessaries, or whether the father was relieved from that obligation in consequence of the judgment for a separation. It appeared that, prior to the first visit by the defendant, the father called upon him, and requested him to visit the children, and that the services for which this action was brought were rendered subsequent to such request. The plaintiff testified that on his second visit he told the defendant it was a serious case; that it would require a great deal of attendance; and that it would put him to a great deal of inconvenience; that she said "that she knew that, but that she would settle it herself,—she would pay for it herself." This conversation the defendant denied. She said that after the child was taken sick she sent to her husband, and asked him to send a doctor, and nothing was ever said between herself and the doctor as to who should pay.

The court submitted the question to the jury as to whether the defendant made the contract testified to by plaintiff, and the jury, by their verdict for the defendant, found that the contract, as claimed by plaintiff, was not made. It therefore appears that the original request to the plaintiff to render the services came from the husband, the father of the children, and it was in compliance with such request that the services were rendered. For such services the father only is liable. Some visits appear to have been made subsequently, in September, 1876, but there is no evidence that such services subsequently rendered were at the defendant's request, or that she agreed to pay therefor.

In the absence of an express agreement by the defendant to pay for the services rendered, we do not think that the defendant was liable in this action, and the jury, by their verdict, having found that no such agreement existed, there is no theory upon which the plaintiff could recover. The remarks of the court, therefore, as to the presumption that the defendant acted as the agent of the husband, were entirely immaterial, and could not have prejudiced the defendant.

We think, therefore, that no error was committed that requires a reversal of the judgment, and that the judgment and order denying the motion for a new trial should be affirmed, with costs. All concur.